# United States Court of Appeals

## For the Eighth Circuit

_____

No. 17-1277
_____

Md Iftiar Uddin

*Petitioner*

v.

Jefferson B. Sessions, III, Attorney General of the United States

*Respondent*

_____

Petition for Review of an Order of the
Board of Immigration Appeals

_____

Submitted: October 27, 2017
Filed: November 7, 2017
[Unpublished]

_____

Before COLLOTON, BOWMAN, and KELLY, Circuit Judges.

_____

PER CURIAM.

The Board of Immigration Appeals (BIA) affirmed the decision by an immigration judge (IJ) to deny Md Iftiar Uddin's application for asylum, withholding of removal, and protection under the Convention Against Torture, finding that Uddin's allegations were not credible. Uddin petitions for review. We deny the petition.

Uddin is a national and citizen of Bangladesh. According to his testimony and submissions during his administrative proceedings, Uddin was a local leader in the Bangladesh National Party and was attacked and threatened by members of the rival Awami League with the complicity of the police. We conclude that substantial evidence supports the decision to discredit Uddin's account because a "reasonable adjudicator would [not] be compelled to conclude to the contrary." Osonowo v. Mukasey, 521 F.3d 922, 927 (8th Cir. 2008) (quoting 8 U.S.C. § 1252(b)(4)(B)) (alteration added). Uddin repeatedly misstated the circumstances of how he joined the BNP, claiming to have presented a national identification card that in fact was not issued until three years later. Uddin's unsupported account of police collusion with the Awami League was in tension with the fact that Bangladesh was controlled by an unaffiliated "caretaker" government at the relevant time. Uddin also gave three different accounts of the attack that allegedly prompted him to leave the country, changing details about where it happened, who was with him, and whether his companions were attacked as well.

The justifications Uddin offers for these and other discrepancies, while plausible, are not compelled by the record, so we will not overrule the credibility findings of the IJ and the BIA. See Khrystotodorov v. Mukasey, 551 F.3d 775, 783 (8th Cir. 2008) ("A reviewing court may not supersede an agency finding simply because an alternative finding could also be supported."). Further, Uddin's contradictions and omissions are not minor but relate to the nature and cause of his alleged persecution. See Chakhov v. Lynch, 837 F.3d 843, 847 (8th Cir. 2016); cf. 8 U.S.C. §§ 1158(b)(1)(B)(iii), 1229a(c)(4)(C) (providing that credibility determinations in immigration cases can be based on the plausibility, consistency, and accuracy of the applicant's statements "without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim").

The petition is denied.

_____